Your argument this morning is 21-1445, Anderson v. United States. Fine. I appreciate your heeding my advice. Thank you. May it please the court. My name is Bob Sears and I represent the plaintiff appellants in this matter who are landowners in Waco, Texas, who for them, they and their antecedents entitled have been waiting for to see if a railroad abandoned its right of way and then they would get their land back. Essentially, that's the crux of the case. In order to prove that case, though, they have to show that they own the land under the railroad right of way. And to do that, they have to show that the railroad then owned an easement. So they presented the three deeds that are applicable to the segments of the right of way in this case, and they're all extremely similar deeds in their operative life. Let me just get to that. I mean, there's a lot of interesting discussion here comparing a case law in Texas, which I have not been intimately familiar, and a lot of very, very young cases. If we disagree with your position, which I understand to be that Waco, am I pronouncing that correctly? Yes, I think so. Didn't overrule Neal. So we've got the precedence of Neal and Brightwell, et cetera. Is that the end of the case for you? I mean, this case seems very, very close to Neal and Brightwell. So if those opinions have not been dislodged, in our view, is that in the case? No. In fact, the respondent has, or the athlete here, has rather misconstrued our argument, which is not that Neal was overturned. In fact, Neal applies here in full. What Luckl did was the Supreme Court's statement that Neal did not represent a change in the law, which for centuries, or a century in Texas, had been that you look at the entire deed, and it doesn't matter where a grant occurs in the deed. We aren't locked into particular clauses or where words appear on the document. So Neal sounded very strict. But Luckl said, which is also, you know, that's the later Supreme Court decision, said it's, you know, we're looking at the entire deed. And then it's the Chevron case. Can I just clarify for a minute? Sure. I didn't think Luckl actually mentioned Neal. Just to be clear, it doesn't, right? No, it doesn't. OK. What it did, though, was expand, didn't expand anything. What it did was reinforce what the law in Texas had been through Neal and everything else, which is to look at the entire deed. And that's my point. Neal applies because Neal says, if there's, all Neal says is if there's a grant of land, it's going to be a right of way. If there's a grant of a right of way, it's going to be an easement. OK? If there's a grant of land, it's going to be a fee. OK? And if there's a grant of a right of way, it's going to be easement. Now, what we have here is an unusual situation where the parties split the granting clause. And that's what's unique about the case. That's why we have a dispute. How many granting clauses are in this case? I think there are only two, Your Honor. One is a split granting clause, which says, I convey land. By the way, it should be recognized that I think it's at page 87 of the appendix, where you can see a form of the deed. And I think it's important to notice. So let's go back before. Yes. I don't want to lose track of, there seems to me to be one granting clause. And then the other clause is a right, a right to take and use all the stone and earth. Are you arguing that that's a granting clause also? That's the second granting clause. But that argument doesn't stand under Texas law, does it? I mean, you have to use the word granting. And then the grant itself has to be unambiguous. Your Honor, if I may, the grant here is a conveyance of land for a right-of-way. Now, before the words for a right-of-way, there is the property description. And that's what I was pointing to. It doesn't say a grant of land for a right-of-way. It says, I'm looking at the Faulkner deed. OK. The Faulkner deed is in the appendix, must be at 90, must be the last one. I'm looking for 84. Yeah, 84. So, and here's the point I've been trying to make. And this is why this case is not simple, OK? It says a grant, bargain, sell, and convey to the railroad, all that piece, parcel of land. And then it describes the land. And then, very tellingly, it says this, after the property, after the description, this conveyance is made for a right-of-way. Now, that, to me, and what we have been arguing. Isn't this language very close to what was in Neal? I mean, reading Neal, I think it had very similar right-of-way language. And the Texas Supreme Court said that right-of-way can mean the right of passage itself, or the strip of land. And it didn't say that that in any way superseded the fact this was a grant. It seems to me this case had, right? Am I wrong? Am I misremembering that the language of the documents themselves were very, this was very close to Neal? It's not in that, Neal is different. In that the, there's a reference later to a right-of-way. And Neal goes to great lengths to say that right-of-way has two meanings. Okay? Now, there's other, the Strawbridge case says that when, I'm sorry, it's not the Strawbridge case, I believe it was Chevron that said, when the right is not defined, when right-of-way is not defined, it means an easement. What a railroad typically, But doesn't that dislodge Neal? Are you saying Neal isn't precedent we're allowed to follow? No, Neal is precedent. Okay, and how is this case different from Neal? Because this doesn't just merely refer to a right-of-way later in the deed, in the abstract. It says it's a grant of land for a right-of-way. Okay, so just to clarify. The Faulkner deed says this conveyance is made to the Texas Central Railroad Company for a right-of-way. And in Neal, the language that you find is, however this deed is made for a right-of-way deed. How is that different? I mean, I'm following up specifically on Judge Prost's point. I think because of the language that we have here, which is they've set up this flag that says this conveyance is made for a right-of-way. But this says this deed is made for a right-of-way. How is that different? This conveyance is made for a right-of-way? And Neal says this deed is made for a right-of-way. That conveyance is a grant. And so the use of the word conveyance is very important. As opposed to deed. This deed is for a right-of-way means that we all understand that what we're talking about here in this deed is a right-of-way in the sense that it's a railroad's passage line, but not the right. Here we say this conveyance is for a right. So I think that distinguishes it from Neal. And Neal, if I remember correctly, the Texas Supreme Court, Neal described this language about this deed is made for a right-of-way as describing the use of the grant. That's right. And you would say that the language this conveyance is made for a right-of-way is not describing the grant. It's further elaborating on the grant. I liken it to the Chevron. Yes, I agree with you. I liken it to the Chevron case, which says this is a grant for a right-of-way of length. So the court there was dealing with this confusing conveyance. Actually, I used the word grant. I should have said conveyance. It says this conveyance is for a right-of-way. What if we disagree with you on the importance of the difference between the words conveyance and deed? If you agree with the court below that you're stuck with just the clause and you have to stop before the property description begins? No, no. I specifically was saying what if we disagree with you on the difference between the use of the word deed and the use of the word conveyance? Well, and that's the point I was trying to get to. If you believe that it's not a continuation of a granting clause, well, then we don't succeed. Because we have to have a grant of a right-of-way, and this says grant of land, and then this conveyance, which is important. I believe under Texas law this conveyance is for a right-of-way. And then I might say the other language that I go into is not the language like over and across and the other grant we were talking about, the grant to remove stone and timber from the easement, are not – I'm not arguing that those words alone make this an easement. What I'm pointing out is that those words are further indication as a test to see if I'm right, you know, that they intended to convey a right-of-way. So if you ask me, well, all right, we're on the margins here. What else can we look at? And I would say the grant to remove stone and timber from within a fee, why would they have to grant that? Because that's already transferred with the fee. I understand your logic. I really, truly do. But what do I do about Brightwell? I mean, Brightwell, as I read it, had the following language. I do further grant to said company such earth, material, timber, and rock as may be found on my lands here in mention and granted herein as right-of-way, which may be required for the construction of said railroad. But in Brightwell, that very agreement had language similar to yours as the first clause. You know, I grant this language that is then describing the land. And the Texas Supreme Court, well, I guess it wasn't the Supreme Court, but this court in Brightwell, which then was cited in Neal, held that this was in fact a transfer of the land and not a right-of-way. I would ask you to treat Brightwell as Chevron did, which was to distinguish it because Brightwell concluded that the deed conveyed a fee even though it had that statement about the right to take materials. But first, that court, the Brightwell court, interpreted, and this is according to Chevron, interpreted the clause to mean that the grantor would allow the railroad to go on his other land outside of the right-of-way. So that's the first point that he distinguished it. Where here we don't have that issue. We are conveying an easement strip, or the government's arguing a fee strip, and it makes no sense to grant other things within the right-of-way. Second, in Brightwell, there was a clear, clean grant of land. So the court, it didn't have the mixed language that they were facing in Chevron, so distinguished it in those two instances. You're in jury battle, so why don't we hear from you. Well, thank you very much. May it please the court, Jeffrey Hall for the United States. As your honors have shown, I think that there are really two important points here, and the first is that Neal still does control this case. We agree with petitioners in that regard. And I want to be very clear on what the rule in Neal says. It's not just a general point about what language you find in the granting clause. It's very specific in what it says, and it says it relies on what the deed says in terms of grants, sales, and conveys, and after that, what the direct object is. The direct object, if it is a strip of land, then it is a fee. If it's a right of way as the direct object after that phrase, then it's an easement. And Neal also stands for the proposition that if you look at the rest of the deed and it uses the word right of way, that's not going to necessarily mean that it's an easement because it can be a description of the land. And in fact, it says you should take it as a description of the land. So that's the general point of Neal. I wanted to point out that there are other statements in other deeds that are even arguably stronger than any statements here about in terms of putting right of way next to the term conveyance or grant. So as you already mentioned in Neal, it says the deed is made for a right of way deed. It also says the right of way here and above conveyed. Nevertheless, it was still a fee conveyance because it was that notion of the right of way was after the granting clause. And Brightwell, as the court in Brightwell said, granted herein as right of way still a fee conveyance because what mattered was in the granting clause, not in that later statement. And there's also a statement in Brightwell and Calcasieu about releasing for damages for the right of way of said railroad. All of those statements link a conveyance or grant pretty closely to right of way, but because it's found later in the deed, what it's talking about is the description of the land, not of the type of conveyance. And I also wanted to note that, as we say in our brief, even if there's a description of the land as a right of way in the granting clause, you have to look at how it sort of says it. If it says for a right of way, then it would still be a purpose clause and it wouldn't reduce the fee. We cited several cases in our brief that NEO relied on in making its general statement that when the purpose is talked about as a right of way, it doesn't reduce it from a fee estate. And I would point you to the Texas v. Martin case in particular where right in the granting clause it says for depot purposes, that didn't reduce it because afterward the direct object was strip of land. And then two, the important point here is also that not only does the rule in NEO control, but the Texas Supreme Court has dealt with all of the provisions in these deeds at various points in cases and determined that each of them nevertheless comprehensively lead to a fee conveyance. In terms of one point that was made on over – so petitioner – I'm sorry, appellant has asked based on locale to look at the rest of the deed. The over and across point that somehow indicates that it's a right of way, Brightwell directly contradicts that. The stone and materials clause, Chevron didn't really distinguish it, but Brightwell controls that. Brightwell is in agreement, of course, with it. So those are the points I wanted to make. I don't know if Your Honor has any questions. Thank you. Thank you very much. And we would just request that the court affirm the judgment of the court of federal points. Thank you. Thank you. I think I'll only talk about just one point that he raised, which is that this other language, over and across, and I explained this before, and the right to move the stone, those things would not change a fee grant to an easement. I would agree with that. What I'm saying is that this is an easement grant when the granting clause is read properly without the intervening property description. So I just want to make that clear, that these are indicators that it's an easement, but we first have to have this question about whether it's an easement or a fee deed, as opposed to knowing it's a fee deed. Thank you very much. Thank you. We thank both sides. And the case is submitted.